*313 Froessbl, J.
This is an action for rent claimed to be due under written leases of four motion picture theatres. The leases provide for a fixed minimum rental and a graduated percentage rental on “ gross receipts”. The question presented is what the parties meant by their definition of “ gross receipts ” as related to the sale of candy and refreshments.
In 1948, the subtenant, Skouras Theatres Corporation, formed Circuit Vendors, Inc., for the purpose of conducting a candy and refreshment concession in said theatres. We are all agreed that upon this record Circuit Vendors was the alter ego of Skouras and may be treated as though Skouras itself operated the concession. Accordingly, we are called upon to decide whether plaintiffs-landlords are entitled to 20% of the total gross receipts of the concession without deduction of any kind, or 20% of the income derived therefrom.
It is not disputed that if the concession had been leased to a third party the percentage rental payable to the landlords thereon would be computed only on the amount paid by the third party to Skouras for the privilege of the concession.
In our judgment, the provisions of the lease, as related to the issue here presented, are clear. “ Gross receipts ” are first defined generally and broadly. There then follow specific provisions that such receipts “ shall include: (1) all box office receipts excluding taxes on admissions; (2) all rentals and/or income derived from apartments, stores, offices or rentable space contained in said theatres, and all income derived from concessions and advertising”. (Emphasis supplied.) In other words, while box office receipts (excluding admission taxes) and rentals are the basis upon which the landlords are entitled to 20%, only the income, and not the receipts, from concessions may form the basis of the landlords’ percentage rental. In differentiating between “ receipts ” on the one hand and “ income ” on the other, we must assume the parties had a purpose, and it seems to us that no belabored analysis is necessary to discover such purpose. Had they intended that all receipts from the candy and refreshment concession should be the basis on which to calculate the 20% additional rental, it would have been exceedingly simple to say so, as they did with regard to the box office. Not having done so, it would seem to follow that *314 the “ income ” should be computed by deducting from the “ receipts ” of the candy and refreshments sold the cost thereof.
This construction seems to be the only reasonable one for, at a 20% rental in addition to the fixed rental, it could not have been within the contemplation of the parties that the tenant would have to pay this percentage upon the cost of the candy and refreshments sold. It concededly would not have to do so if it permitted an outsider to operate the concession, as was the case when People’s Candy Company had the concession. It should not be penalized if it operates the concession directly, after having paid a substantial consideration in 1949 to eliminate People’s Candy Company, and particularly so where, as here, the landlord has been benefited thereby.
Inasmuch as the record contains no evidence as to the cost of the candy and refreshments, it will be necessary for Special Term to take proof thereof and recalulate the amount due plaintiffs. The judgment appealed from should accordingly be reversed, with costs, and the matter remitted to Trial Term for further proceedings not inconsistent with this opinion.